UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

PHILLIP DRAUGHTER, JR.,     )
     )
     **Plaintiff,**     )
     )
**v.**     )     **CIV. ACT. NO. 1:19-cv-609-TFM-N**
     )
**ALABAMA STATE PORT**     )
**AUTHORITY,**     )
     )
     **Defendant.**     )

## ORDER

Pending before the Court are Defendant Alabama State Port Authority's correlated *Motion to File Under Seal Certain Evidence in Support of Defendant's Motion for Summary Judgment* (Docs. 34, filed 08/23/21), *Motion to File Under Seal Certain Evidence in Support of Defendant's Response in Opposition to Plaintiff's Motion for Summary Judgment* (Doc. 46, filed 09/20/21), and Defendant's *Amended Motion to Seal Summary Judgment Documents* (Doc. 61, filed 10/21/21).  Defendant's first motion (Doc. 34) moves this Court to place Exhibits A, B, C, D, E, F, G, and H under seal.  *See* Docs. 35-1 – 35-8.  Defendant's second motion (Doc. 46) moves this Court to place Exhibits I, J, K, and L under seal.  *See* Docs. 47-1 – 47-4.   In reference to the first two motions, this Court found that Defendant's motions failed to address the analysis discussed in binding circuit authority as to any matters that they wish to keep under seal, and did not provide a reason beyond the documents were designated confidential consistent with the protective order. On October 13, 2021, this Court entered an order directing the parties to confer and file an amended motion for leave to seal their documents filed in support of Defendant's motion for summary judgment and response in opposition to Plaintiff's motion for summary judgment.  Doc. 59.  In response to this order, Defendant's amended motion to seal summary judgment documents reports

that the parties' counsel conferred and reached a consensus.  Doc. 61.  The counsel agreed that personnel records regarding Plaintiff, certificate of eligible records and employment applications, and personnel documents about personnel actions and pay records do not need to be filed under seal.  *Id*. at 1.  The counsel also agreed that "documents such as the performance reviews of non-parties may be kept under seal."  *Id*.  Accordingly, Defendant's motion seeks to only file Exhibits A, E, F, G, J under seal.  Docs. 35-1, 35-5 – 35-7, 47-2.  Defendant seeks to file these documents under seal "to protect sensitive personnel records of non-parties."  Doc. 61 at 3.  Having considered the factors set out in *Romero,* Defendant argues that the sensitive nature of the personnel files, which include performance review and employee grievances, and the employees and non-parties' privacy rights outweigh the public's interest in accessing court documents.  Defendant reasons that the privacy interest of a non-party in information contained within their personnel files are great and outweigh the public's generalized right to access court records.  Thus, the Court finds that the parties have established good cause for the sealing of personnel records of non-parties.

The Court finds good cause merit the exhibits remaining sealed for now.  However, contrary to Defendant's request, the Court may not be able to allow the exhibits to remain fully sealed for five (5) years.  When the Court takes the pending motions for summary judgment under submission, if the Court's opinion relies on evidence from the exhibits, the Court may require the Parties to file a redacted version of the exhibits for public use.  The Court finds that filing exhibits with the nonpublic personal information redacted is an available remedy that may not be time and cost-efficient, but is not an unduly onerous alternative to sealing the documents.  All Exhibits are placed under seal until the Court takes the pending motions for summary judgment under submission.  Accordingly, for good cause shown, it is **ORDERED** that the amended motion (Doc. 61) is **GRANTED**.

**DONE** and **ORDERED** this the 25th day of October, 2021.

 s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE